**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CADAREUS RAY
Plaintiff
v. CASE NO.:

TROOPER MICHAEL KOPE, *individually*,
STATE OF FLORIDA, *by and through,*
FLORIDA DEPARTMENT OF HIGHWAY
SAFETY and MOTOR VEHICLES
Defendants.
_______________________________________/

# COMPLAINT AND DEMAND FOR JURY TRIAL

## PARTIES

1. Plaintiff, CADAREUS RAY ("Plaintiff") is a resident of Manatee County, Florida.

2. Defendant, TROOPER MICHAEL KOPE ("Kope"), at all times material a Florida Highway Patrol Trooper acting under the color of state law and within the course and scope of his employment.

3. Defendant, STATE OF FLORIDA, *by and through,* Florida Department of Highway Safety and Motor Vehicles ("STATE OF FLORIDA"), is a governmental entity subject to suit pursuant to Fla. Stat. §768.28.

4. No federal constitutional claim under 42 U.S.C. §1983 are asserted against STATE OF FLORIDA.

## JURISDICTION AND VENUE

5. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.
6. This Court has federal jurisdiction pursuant to 28 U.S.C.§ 1331 and §1343.
7. Venue is proper in the Middle District of Florida because the events giving rise to this action occurred in Manatee County, Florida.
8. Plaintiff has satisfied all conditions precedent to bring the state law claims asserted herein, including compliance with Fla. Stat. §768.28(6).

## FACTUAL ALLEGATIONS

9. On or around Monday, May 27, 2024, Plaintiff was lawfully operating his vehicle in Manatee County, Florida.
10. Defendant Kope initiated a traffic stop purportedly for a minor traffic infraction. Plaintiff is uncertain exactly what the stop was for, but he believes it was an alleged rolling stop.
11. During the stop, Defendant Kope claimed that he detected the odor of alcohol coming from Plaintiff and accused Plaintiff of driving under the influence. .
12. Plaintiff repeatedly denied consuming alcohol and advised Defendant Kope that he did not drink alcohol at all, and that no one else had been in his vehicle with alcohol.

13. Plaintiff became fearful and suspicious of Defendant Kope's conduct because Plaintiff knew that the accusations were false and there was no alcohol present in the vehicle.

14. Plaintiff was coherent and responsive.

15. Plaintiff questioned the basis for the stop and the DUI accusations and verbally refused to exit his vehicle.

16. Plaintiff's refusal was not accompanied by threats, violence, assaultive behavior, or attempts to flee.

17. Defendant Kope nevertheless demanded that Plaintiff submit to field sobriety exercises.

18. Despite the absence of any immediate threat to officer safety, Defendant Kope escalated the encounter and forcibly removed the Plaintiff from his vehicle.

19. Because the stop occurred near his parents' residence, Plaintiff attempted to call his parents.

20. Defendant Kope refused to allow the Plaintiff to make the call and forcefully slammed him against the vehicle using substantial physical force.

21. During the physical encounter, Defendant Kope repeatedly shouted "stop resisting"; however, the video evidence depicts Plaintiff being forcibly restrained and does not appear to show active physical resistance proportionate to the level of force utilized.

22. The force utilized by Defendant Kope was unnecessary, excessive, and disproportionate to the level of resistance presented under the circumstances.
23. As a direct and proximate result of Defendant Kope's conduct, Plaintiff suffered severe bodily injury which required hospitalization, pain and suffering, emotional distress, medical expenses, aggravation of pre-existing injuries, and other damages.
24. Defendant Kope caused Plaintiff to be criminally charged despite the absence of credible evidence supporting impairment or intoxication.
25. Subsequent blood and/or toxicology testing conclusively established that Plaintiff had not consumed alcohol and was not impaired.
26. The criminal charges against Plaintiff were ultimately dismissed.
27. The evidence developed during the criminal proceedings materially contradicted Defendant Kope's allegations and justification for the arrest and use of force.
28. At all times material, Defendant Kope acted under color of state law.

## COUNT I: EXCESSIVE FORCE - 42 U.S.C. §1983
***Against Trooper Michael Kope, Individually***

29. Plaintiff realleges and incorporates paragraphs 1-27 as though full set forth herein.

30. Defendant Kope, acting under color of state law, intentionally used objectively unreasonable and excessive force against Plaintiff during the course of the seizure.

31. Under the circumstances confronting Defendant Kope, the level of force utilized was unnecessary, excessive, and disproportionate to the level of resistance presented by Plaintiff.

32. A reasonable officer under similar circumstances would have known that such force violated Plaintiff's clearly established constitutional rights under the Fourth Amendment.

33. As a direct and proximate result of Defendant Kope's conduct, Plaintiff suffered bodily injury, aggravation of pre-existing injuries, pain and suffering, emotional distress, medical expenses, and other damages.

34. But for Defendant Kope's conduct, the Plaintiff would not have suffered harm.

35. Defendant Kope acted intentionally, recklessly, maliciously, or with deliberate indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Kope for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C.

§1988, costs, pre-judgment interest where permitted, and trial by jury on all issues so triable.

**COUNT II: FALSE ARREST/UNLAWFUL SEIZURE – 42 U.S.C. §1983**
***Against Defendant Trooper Michael Kope, individually***

36. Plaintiff realleges and incorporates paragraphs 1-27 as though full set forth herein.
37. Defendant Kope lacked probable cause to arrest or continue detaining Plaintiff for driving under the influence or related offenses.
38. Plaintiff exhibited no credible indicia of alcohol impairment sufficient to establish probable cause.
39. Defendant Kope nonetheless caused Plaintiff to be unlawfully seized, detained, and charged.
40. Subsequent blood and/or toxicology testing conclusively established that Plaintiff had not consumed alcohol and was not impaired.
41. The criminal proceedings against Plaintiff were terminated in his favor.
42. As a direct and proximate result of Defendant Kope's conduct, Plaintiff suffered severe bodily injury which required hospitalization, emotional distress, humiliation, loss of liberty, legal expenses, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant Kope for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C.

§1988, costs, pre-judgment interest where permitted, and trial by jury on all issues so triable.

**Count III: Battery**
***Against Defendant State of Florida***

43. Plaintiff realleges and incorporates paragraphs 1-27 as though full set forth herein.

44. Defendant Kope intentionally made harmful and offensive physical contact with Plaintiff during the course of forcibly removing and restraining him.

45. At all times material, Defendant Kope was acting within the course and scope of his employment with the Florida Highway Patrol.

46. The force utilized exceeded that which was reasonably necessary under the circumstances.

47. As a direct and proximate result of Defendant Kope's conduct, Plaintiff severe bodily injury which required hospitalization, aggravation of pre-existing injuries, pain and suffering, emotional distress, medical expenses, and other damages.

48. Pursuant to Fla. Stat. §768.28, Defendant State of Florida is liable for the negligent and wrongful acts of its employee acting within the course and scope of employment.

**WHEREFORE**, Plaintiff demands damages against Defendant State of Florida within the limits prescribed by Fla. Stat. §768.28, together with costs and trial and by jury.

**Count IV: MALICIOUS PROSECUTION-42 U.S.C. 1983**
***Against Defendant Trooper Michael Kope, individually***

49. Plaintiff realleges and incorporates paragraphs 1-27 as though full set forth herein.

50. Defendant Kope, acting under color of state law, initiated, permitted, or caused the criminal prosecution of Plaintiff for driving under the influence and/or related offenses.

51. Defendant Kope lacked probable cause to initiate or continue the criminal proceedings against Plaintiff but did so anyway.

52. Defendant Kope acted with malice, a reckless disregard for Plaintiff's rights, and a lack of good faith by intentionally fabricating allegations of impairment, misrepresenting the odor of alcohol, and falsifying police reports to justify an unlawful arrest and excessive use of force.

53. Defendant Kope knew or should have known that subsequent blood and/or toxicology testing would conclusively establish-and did establish-that Plaintiff had no alcohol in his system and was not impaired.

54. The judicial proceedings against Plaintiff were terminated entirely in Plaintiff's favor when all criminal charges were dismissed.

55. As a direct and proximate consequence of Defendant Kope's unlawful and malicious initiation of criminal proceedings, Plaintiff suffered an unlawful deprivation of liberty, emotional distress, severe anxiety, humiliation, and incurred significant legal expenses to defendant against he fabricated charges.

**WHEREFORE**, Plaintiff demands judgment against Defendant Kope for compensatory damages, punitive damages, attorney's fees pursuant to 42 U.S.C. 1988, costs, prejudgment interest where permitted, and trial by jury on all issues so triable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

Respectfully Submitted,

s/ *Miranda Jackson, Esq*

Miranda Jackson, Esq
FBN: 0098593
Your Good Lawyers, PLLC
501 N. Magnolia Ave, Suite B01
Orlando, FL 32806
Phone: 407-710-0130
Fax: 407-577-2447
mjackson@yourgoodlawyers.com
civil@yourgoodlawyers.com
mjackson@mjaxlegal.com
***SERVICE ONLY***